UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JONATHAN HENRY HILL,

        Petitioner,                        Case No. 1:16-cv-950

v.                                                   Honorable Janet T. Neff

STATE OF MICHIGAN,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a federal prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough*, 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.    Factual Allegations

Petitioner Jonathan Henry Hill is currently incarcerated at the United States Penitentiary in Tucson, Arizona. On July 5, 2002, Petitioner pleaded guilty in this Court to one count of bank robbery by force in violation of 18 U.S.C. § 2113 and use of a weapon during a violent crime in violation of 18 U.S.C. § 924(c). The Court sentenced Petitioner to 235 months on the bank robbery count and seven years on the use of a weapon count, to be served consecutively, followed by supervised release for 3 years.

During the time Petitioner was serving his federal sentence, he was tried for another crime in Calhoun County Circuit Court. The Michigan Court of Appeals described the underlying facts and procedural history as follows:

> This case arises out of the April 24, 2001 shooting deaths of Philip Terrell and Stephen Haley. On the night of the shootings, Haley's body was found in a church parking lot in Battle Creek, Michigan. Later that night, Terrell's body was found in the front passenger seat of a green Cadillac parked in a nearby hospital parking lot. Medical evidence revealed that Haley died as result of three gunshot wounds to the back and that Terrell died from a single gunshot wound to the head.
>
> Several days later, Hill admitted to meeting Terrell and Haley in the church parking on the night of the shootings, but he denied being the shooter. At trial, George Williams testified that, between late 2002 and early 2003, he and Hill were cellmates in a federal prison. According to Williams, Hill admitted shooting both Haley and Terrell. Hill told Williams that he met the men to exchange drugs. Hill said that he and the two men sat in a green Cadillac while conducting the drug deal. At some point, Terrell, who was sitting in the front passenger seat, "jumped," and Hill shot him. Hill fired a second shot after, the driver, Haley jumped out of the car. As Haley staggered away, Hill got out of the car and shot him again. After the shootings, Hill stole money and drugs from the trunk of the Cadillac, as well as jewelry and cash from the victims' bodies. Hill told Williams that he then drove away in the Cadillac, with Terrell still inside.

*People v. Hill*, No. 269095, 2007 WL 2331077 at *1 (Mich. Ct. App. Aug. 16, 2007). During January of 2006, the jury convicted Petitioner of two counts of first-degree murder and two counts

of felony firearm. On February 27, 2006, the trial court sentenced Petitioner to concurrent life terms of imprisonment on the murder convictions consecutive to a pair of two year terms of imprisonment on the felony-firearm convictions.

Petitioner appealed his convictions and sentences to the Michigan Court of Appeals raising two issues: (1) the evidence was insufficient to find him guilty of the premeditated murder of Haley and (2) his trial counsel was ineffective for failing to request an instruction on the lesser-included offense of voluntary manslaughter. *Id.* at *1-2. By unpublished opinion dated August 16, 2007, the court of appeals affirmed the trial court.

Petitioner then filed an application for leave to appeal in the Michigan Supreme Court. That court denied the application by order entered December 28, 2007.

Petitioner took no further action until some time after September of 2014, when he filed a motion for post-conviction relief in the Calhoun County Circuit Court raising essentially the same issues he raises in his habeas petition.[1] On March 30, 2015, the trial court denied Petitioner's motion because he had failed to demonstrate good cause for his failure to raise the issues in his direct appeal or actual prejudice. (Op., ECF No. 2-4.) The Michigan Court of Appeals and Michigan Supreme Court denied leave to appeal that decision by orders entered June 19, 2015, and May 24, 2016, respectively.

---

[1] Petitioner did not report the date he filed his motion; however, the Affidavit of Nathan Hill filed in support of his state court motion and this habeas petition is dated September 25, 2014.

Petitioner filed his petition for relief in this Court on July 19, 2016.[2] He raises two issues: first, ineffective assistance of counsel due to counsel's failure to adequately investigate the testimony proffered by the state's sole witness, George Williams (ECF No. 1, PageID.5); and second, prosecutorial misconduct in that the state knew or should have known that their informant was deliberately fabricating evidence implicating Petitioner (ECF No. 1, PageID.7).

## II.     Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[2] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his application on July 19, 2016, and it was received by the Court on July 27, 2016. Thus, it must have been handed to prison officials for mailing at some time between those dates. For purposes of this Report and Recommendation, I have given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). "The subsection . . . provides one means of calculating the limitation with regard to the 'application' as a whole, § 2244(d)(1)(A) (date of final judgment), but three others that require claim-by-claim consideration, § 2244(d)(1)(B) (governmental interference); § 2244(d)(1)(C) (new right made retroactive); § 2244(d)(1)(D) (new factual predicate)." *Pace v. DeGuglielmo*, 544 U.S. 408, 416 n.6 (2005). In every case the court must determine the date provided by § 2244(d)(1)(A), and then evaluate whether it is later than the dates provided by subparagraphs (B), (C), or (D) if those subparagraphs are applicable to one or more of the claims raised in the application.

### A.     § 2244(d)(1)(A)

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to paragraph nine of Petitioner's application, Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on December 28, 2007. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on March 28, 2008.

Petitioner had one year from March 28, 2008, to file his habeas application. Petitioner filed on July 19, 2016. Petitioner obviously filed more than one year after the time for direct review expired. Thus, to the extent the timeliness of the petition is measured from the date provided by 28 U.S.C. § 2244(d)(1)(A), his application is time-barred.

The running of the statute can be tolled, either by operation of the habeas statute or proper application of equitable doctrines. The habeas statute provides that the running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed"). Petitioner's application for post-conviction review was pending from, at the earliest, September of 2014,[3] to May of 2016. The one-year period, however, had expired long before Petitioner filed his motion. The tolling provided by 28 U.S.C. § 2244(d)(2) can only serve to pause a clock that has not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). Statutory tolling, standing alone, is insufficient to avoid the time bar.

The one-year limitations period applicable to § 2254 may also be equitably tolled. *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366

---

[3]*See* note 1, *infra*.

F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case.[4] The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing.").

Moreover, based on the materials filed with his petition, it is apparent that Petitioner has not pursued his rights with the requisite diligence. Petitioner first claims that his trial counsel was ineffective for failing to properly investigate the credibility of the jailhouse informant. Petitioner was aware of the problem as early as December of 2005. Petitioner received a letter from

---

[4]On his form petition, Petitioner indicates his petition is timely because it "is being filed within the state[']s 1 yrs time frame." (ECF No. 1, PageID.12.) He makes no reference to tolling, his diligence, or extraordinary circumstances.

his counsel dated December 22, 2005, that informed him that his counsel still had to hire an investigator, because the investigator he initially hired had been hospitalized. (ECF No. 2-3, PageID.53.) Instead, "[counsel] simply let the investigation die, unfinished and incomplete." (ECF No. 2, PageID.27.) Counsel's failure, however, was readily apparent to Petitioner at Petitioner's trial less than a month later. The same is true with respect to Petitioner's claim of prosecutorial misconduct. That claim is premised on the prosecutor's actual or constructive knowledge that Mr. Williams' testimony was a fabrication.

Although Petitioner was aware of his counsel's failing and the prosecutor's misconduct as early as January of 2006, he has provided no indication of his diligence in the ensuing years. The affidavit of Nathan Hill reveals that Mr. Hill had informed Petitioner of George Williams' confession of false testimony before Petitioner was even tried.[5] Affiant Leslie James Warnsley indicates that even though he was in George Williams' pod in the Calhoun County jail, he had never been asked, questioned, or interviewed about Mr. Williams' deceit until "now," June 26, 2014. (ECF No. 2-1, PageID.49.) Thus, despite knowing that Mr. Williams had informed fellow prisoners that he, Mr. Williams, had lied when he testified at Petitioner's trial, Petitioner waited years to pursue the matter. Under those circumstances, it simply cannot be said that Petitioner was pursuing his rights diligently. Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

---

[5]After recounting George Williams' confession of deceit, Mr. Hill reports that he explained to Petitioner "what George had told me." (ECF No. 2-2, PageID.51.) Mr. Hill further indicates that subsequent to that explanation he again ran into Petitioner who had just come back from court. (*Id.*) Petitioner indicated to Mr. Hill that George Williams had indeed been a witness against him. (*Id.*) Thus, Petitioner knew of Mr. Hill's knowledge of Mr. Williams' deceit before Petitioner's trial.

B.  § 2244(d)(1)(D)

The result is the same even if timeliness is measured pursuant to § 2244(d)(1)(D). That subsection provides that the limitations period begins to run when a petitioner knows, or through due diligence, could have discovered, the important facts for his claims, not when the petitioner recognizes the legal significance of the facts. *See Redmond v. Jackson*, 295 F. Supp. 2d 767, 771 (E.D. Mich. 2003). "The question under the provision is not when prisoners first learned of the new evidence; it is when they should have learned of the new evidence had they exercised reasonable care." *Townsend v. Lafler*, 99 F. App'x 606, 608 (6th Cir. 2004) (citing *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000)). Section 2244(d)(1)(D) "does not convey a statutory right to an extended delay while a petitioner gathers every possible scrap of evidence that might support his claim." *Redmond*, 295 F.Supp.2d at 771 (quoting *Sorce v. Artuz*, 73 F. Supp. 2d 292, 294-95 (E.D.N.Y. 1999)). "Rather, it is the actual or putative knowledge of the pertinent facts of a claim that starts the clock running on the date on which the factual predicate of the claim could have been discovered through due diligence, and the running of the limitations period does not await the collection of evidence which supports the facts, including supporting affidavits." *Id.* at 772 (citing *Tate v. Pierson*, 177 F. Supp. 2d 792, 800 (N.D. Ill. 2001), and *Flanagan v. Johnson*, 154 F.3d 196, 198-99 (5th Cir. 1998)).

A habeas petitioner has the burden of proof in establishing that he exercised due diligence in searching for the factual predicate of the habeas claims. *Stokes v. Leonard*, 36 Fed. Appx. 801, 804 (6th Cir. 2002). Unsupported and conclusory arguments are insufficient to warrant application of § 2244(d)(1)(D). *Redmond*, 295 F. Supp. 2d at 772; *Grayson v. Grayson*, 185 F. Supp. 2d 747, 750-51 (E.D. Mich. 2002) (holding that a petitioner does not show how the factual

predicate could not have been discovered earlier if he fails to indicate the steps he took to discover the claims). The key to deciding whether evidence is 'newly discovered' or only 'newly available' is to ascertain when the defendant found out about the information at issue." *United States v. Turns*, 198 F.3d 584, 587 (6th Cir. 2000).

As set forth above, Petitioner knew of Mr. Hill's conversations with Mr. Williams before he was tried. The fact that Mr. Hill might not have been willing to provide an affidavit at that time is immaterial. "[T]he running of the limitations period does not await the collection of evidence which supports the facts, including supporting affidavits." *Redmond*, 295 F. Supp. 2d at 772. Thus, the one-year period of limitation measured under 2244(d)(1)(D) provides no relief for Petitioner.

### C. Actual innocence

In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 329 (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 1936.

In the instant case, although Petitioner suggests that he is actually innocent, he proffers no new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable jury would have convicted him. *Schlup*, 513 U.S. at 329. A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence--that was not presented at trial." *Id.* at 324. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Souter v. Jones*, 395 F.3d 577, 590 (6th Cir. 2005) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998). Here, even if the Court accepts as true the allegations in the affidavits offered by Petitioner, it may call into question the legal sufficiency of the prosecutor's proofs, but it does not show that Petitioner is actually innocent. Put differently, even if Mr. Williams were lying about Petitioner confessing the crime, it would not mean that Petitioner did not commit the crime.[6]

A petitioner "must produce evidence of innocence so strong that the court can not have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Allen v. Yukins*, 366 F.3d 396, 405 (6th Cir. 2004) (internal quotations and citations omitted). Petitioner has made no such showing in this case. His contention that his habeas claims have merit does not state a claim of actual innocence. Moreover, he has presented no new reliable evidence in support of such a claim. Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations. Because Petitioner has wholly failed to

---

[6]Even viewed from the perspective of legal sufficiency, Petitioner has failed to demonstrate his innocence. If Mr. Hill and Mr. Warnsley had been permitted to testify at Petitioner's trial, the jury still could have resolved the credibility contest between Mr. Williams, on the one hand, and Mr. Hill and Mr. Warnsley, on the other hand, in favor of conviction. Mr. Williams' testimony would still have been legally sufficient to convict Petitioner even if its credibility were called into question.

provide evidence of his actual innocence, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). His habeas petition therefore is time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

### Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Date: September 15, 2016                     /s/ Ellen S. Carmody
                                             ELLEN S. CARMODY
                                             United States Magistrate Judge


### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).