UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONATHAN HENRY HILL,

     Petitioner,                           Case No. 1:16-cv-950

v.                                   HON. JANET T. NEFF

STATE OF MICHIGAN,

     Respondent.

_____/

**OPINION AND ORDER**

      This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R, Dkt 6), recommending that this Court deny the petition as barred by the one-year statute of limitations. The matter is presently before the Court on Petitioner's objections to the Report and Recommendation (Objs., Dkt 7). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has considered de novo those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order. The Court will also issue a Judgment in this § 2254 proceeding. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

      First, Petitioner asserts that equitable tolling of the statute of limitations is required because "previously-unavailable evidence of his actual innocence which became available only immediately prior to Petitioner's motion for post-conviction relief filed . . . on May 4, 2015 . . . , is sufficient to overcome the reason stated in the Magistrate's Report and Recommendation for denying Petitioner's

Motion under 28 [U.S.C.] § 2254" (Objs., Dkt 7 at PageID.78). As the Magistrate Judge noted, "[a] petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" (R&R, Dkt 6 at PageID.71, quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). Petitioner has presented no evidence or argument showing that he diligently pursued his rights, and for the reasons set forth in the Report and Recommendation, his equitable tolling argument is without merit (R&R, Dkt 6 at PageID.71–72) (stating that Petitioner was aware of the evidence since 2005 and had not been pursuing his rights).

Second, Petitioner asserts that the Magistrate Judge made two "erroneous findings": (1) "denial of relief due to 'failure to raise the issues in his direct appeal or actual prejudice,'" and (2) "application of the incorrect rule concerning 28 [U.S.C.] § 2244 time limitation" (Objs., Dkt 7 at PageID.78–79).

As to the first "erroneous finding," Petitioner asserts that "he has consistently maintained his actual innocence and was prevented from submitting evidence in the form of witness statements until those witnesses came forward. Such circumstances show good cause for Petitioner having not raised these same grounds for relief during the direct appeal process" (*id.* at PageID.79). Petitioner's objection does not address the Magistrate Judge's Report and Recommendation, but instead the opinion of the 37th Circuit Court for the County of Calhoun (Dkt 2-4). Petitioner must specifically designate the part of the Report and Recommendation to which he objects and the basis for such objection, pursuant to W.D. MICH. LCIVR 72.3(b). Because Petitioner's objection does not go to the Report and Recommendation, it is without merit.

2

As to the second "erroneous finding," Petitioner asserts that "the Court should evaluate his claims pursuant to 28 [U.S.C.] § 2244(d)(1)(D) . . . " (Objs., Dkt 7 at PageID.80).  Petitioner states that "[a]ffidavits [q]ualify as [n]ew [e]vidence," showing that the statute of limitations did not begin to run until the affidavit evidence "could have been discovered," pursuant to 28 U.S.C. § 2244(d)(1)(D) (*id.*).  Petitioner's argument fails to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion.  As the Magistrate Judge noted, "the running of the limitations period does not await the collection of evidence which supports the facts, including supporting affidavits" (R&R, Dkt 6 at PageID.73, citing *Redmond v. Jackson*, 295 F. Supp. 2d 767, 772 (E.D. Mich. 2003)).  "Petitioner knew of Mr. Hill's conversation with Mr. Williams before he was tried," which shows that the evidence was already discovered (*id.* at PageID.74).  Therefore, Petitioner's disagreement with the Magistrate Judge's analysis and conclusion does not warrant its rejection.

Third, Petitioner states that "[e]vidence of [p]erjury [r]equires [g]ranting [r]elief" (Objs., Dkt 7 at PageID.82).  Petitioner merely reargues this claim (*see* Dkt 2 at PageID.19) and points to no specific error in the Magistrate Judge's analysis or conclusions.  Such general argument does not constitute proper objection to a Report and Recommendation.  *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505, 508-09 (6th Cir. 1991).  In any event, the Court finds Petitioner's argument without merit because, in pertinent part, he did not present evidence showing that the government knew that it was using false testimony at trial.  *See Coe v. Bell*, 161 F.3d 320, 343 (6th Cir. 1998) (stating the elements for a habeas petitioner to succeed on due process grounds involving perjured testimony).  Additionally, Petitioner presents

the Court with no authority stating that such a claim overcomes the statute of limitations. Petitioner's objection is without merit.

Having determined Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order").  The Court must review the issues individually.  *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *Slack,* 529 U.S. at 484.  Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  *Id.*  Upon review, this Court finds that reasonable jurists would not find the Court's procedural ruling debatable as to each issue asserted.  A certificate of appealability will therefore be denied.

Accordingly:

**THEREFORE, IT IS ORDERED** that the Objections (Dkt 7) are DENIED and the Report and Recommendation of the Magistrate Judge (Dkt 6) is APPROVED and ADOPTED as the Opinion of the Court.

4

**IT IS FURTHER ORDERED** that the petition for habeas corpus relief (Dkt 1) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is DENIED as to each issue asserted.

Dated: November 28, 2016                       /s/ Janet T. Neff
_____
JANET T. NEFF
United States District Judge

5